UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REINIS G., | : |
| Petitioner, | : Civ. No. 18-12529 (KM) |
| v. | : |
| ORLANDO RODRIGUEZ, | : OPINION |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I.  INTRODUCTION

Petitioner, Reinis G.,[1] is an immigration detainee, held at the Elizabeth Detention Facility, in Elizabeth, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be granted insofar as petitioner will be granted a bond hearing.

## II.  PROCEDURAL HISTORY

Petitioner, a native and citizen of Latvia, entered the United States as a lawful permanent resident in October 2000. In February 2011, petitioner pleaded guilty to distributing, dispensing, or possessing a controlled dangerous substance in a school zone under New Jersey Statutes Annotated ("N.J.S.A.") § 2C:35-7, and he was sentenced to two years of probation. On June 9, 2017, the Department of Homeland Security, Immigration and Customs Enforcement, ("ICE") arrested petitioner, and he has remained in immigration custody since that time.

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, petitioner is identified herein only by his first name and last initial.

Petitioner was charged as being deportable on two bases: (a) under 8 U.S.C. § 1227(a)(2)(A)(iii), for having committed an aggravated felony, and (b) under § 1227(a)(2)(B)(i), for having committed a controlled-substances offense. Consequently, he was detained under 8 U.S.C. § 1226(c). Petitioner explains that he sought to pursue cancellation of removal, relief which a prior conviction for an aggravated felony would typically bar. He alleges that the presiding immigration judge initially seemed receptive, but ultimately determined that his prior conviction constituted an aggravated felony. On June 7, 2018, the immigration judge ordered petitioner's removal, and petitioner's appeal of this decision is, apparently, still pending before the Board of Immigration Appeals. That administrative appeal, and potentially a further appeal to the Court of Appeals, would be the procedure for correction of any legal error as to the petitioner's deportable status.

Petitioner has now filed this petition for writ of habeas corpus. (DE 1.) He makes two primary arguments as to why his detention is improper, or improperly prolonged. First, he contends that he cannot be detained under § 1226(c) as it requires ICE to take persons into custody immediately when they are released from criminal custody, whereas he was never criminally incarcerated. (*Id.* at 6–7.) Petitioner also alleges that he cannot be detained under § 1226(c) because, pursuant to Third Circuit precedent, his conviction is not an aggravated felony under immigration law. (*Id.* at 7.) Petitioner also alleges that his detention without a bond hearing under § 1226(c) has become unduly prolonged. (*Id.*)

I ordered the government to file an answer in response to the petition. (DE 2.) I also ordered the government to notify the Court within seven days of petitioner's release from custody, "as well as any change in the basis for petitioner's immigration detention." (*Id.*)

The government filed an answer opposing the petition on behalf of respondent Orlando Rodriguez, the warden of the Elizabeth Detention Facility. (DE 4.) It argues that mandatory detention under § 1226(c) has been upheld by the Supreme Court and that as-applied challenges to that section are appropriate only in extraordinary cases of prolonged detention. (*See id.* at 5–20.) It includes no response to petitioner's arguments that he is not properly detained under § 1226(c) in the first place.

### III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over petitioner's claims as he is detained within this district and alleges that his custody violates the Due Process Clause of Fifth Amendment.

Under 8 U.S.C. § 1226(c)(1), certain non-citizens with criminal convictions are subject to mandatory detention while removal proceedings are pending. *See Jennings*, 138 S. Ct. at 846–47. That subsection reads as follows:

> **(1) Custody**
>
> The Attorney General shall take into custody any alien who--
>
> > (A) is inadmissible by reason of having committed any offense covered in section 1181(a)(2) of this title,
> >
> > (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

3

> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least one year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>
> **(2) Release**
>
> The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C. § 1226(c). Petitioner asserts that he is not subject to mandatory detention under § 1226(c) on two grounds: (1) that he was not taken into immigration custody immediately upon his release from criminal custody, because his prior conviction did not result in incarceration at all; and (2) that his prior conviction may not be considered an aggravated felony under immigration law.

The Court of Appeals for the Third Circuit has rejected petitioner's first argument in its opinion in *Sylvain v. Attorney General of the United States*, 714 F.3d 150 (3d Cir. 2013). There, it held that the "when the alien is released" clause of § 1226(c)(1) does not limit the government's authority to detain persons otherwise described in that paragraph. *Id.* at 157–61. In March 2019, the Supreme Court reached the same conclusion, overturning a decision in which

4

the Ninth Circuit held (as petitioner urges this Court to) that a person who was not immediately arrested upon release from criminal custody may not be subsequently arrested and detained under § 1226(c). *Nielsen v. Preap*, 139 S. Ct. 954, 963–72 (2019). Thus, there is no question that petitioner's argument that he cannot be detained under § 1226(c) because he was not taken into immigration custody "when . . . released" from criminal custody must fail.

Petitioner's second argument, that he should not be considered to have committed an aggravated felony, does not warrant relief in this proceeding. In making this argument, petitioner relies on the Third Circuit's unpublished decision in *Chang-Cruz v. Attorney General of the United States*, 659 F. App'x 114 (3d Cir. 2016). In that case, Chang-Cruz appealed a decision of the Board of Immigration Appeals holding that he was ineligible for cancellation of removal because his conviction under N.J.S.A. 2C:35-7 constituted an aggravated felony.[2] The Third Circuit found that N.J.S.A. 2C:35-7—the same statute that this Petitioner pleaded guilty to violating—potentially encompasses acts that fall outside the immigration laws' definition of "aggravated felony." Applying the "categorical approach," the Court concluded that Chang-Cruz's prior conviction under that section did not constitute an aggravated felony for immigration purposes. *See Chang-Cruz*, 659 F. App'x at 116–19.

Even assuming, however, that petitioner's conviction[3] was not one for an aggravated felony under immigration law, he is not entitled to relief in this proceeding, because he has not

---

[2] Generally, a non-citizen who has been convicted of an aggravated felony is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3), (b)(1)(C) (citing 8 U.S.C. § 1227(a)(2)(A)(iii)).

[3] I note that while the statute governing cancellation of removal precludes cancellation for a non-citizen who has been *convicted* of an aggravated felony, *see* 8 U.S.C. § 1229b(a)(3), (b)(1)(C), mandatory detention under § 1226 is required for a non-citizen rendered removable by having *committed* an aggravated felony, 8 U.S.C. § 1226(c)(1)(B). Resolution of this point is not necessary for the purposes of this opinion, but I do not discount that possibility that the differing terms could, in the right circumstances, be legally determinative. *See Doe v. Att'y Gen. of U.S.*, 659 F.3d 266, 270 (3d Cir. 2011) (noting that, in examining another provision of immigration law, "[t]he choice of the word 'committed,' rather than 'convicted,' is significant").

5

demonstrated that his detention under § 1226(c) is improper. Petitioner concededly was charged as removable not merely on the basis that he had committed an aggravated felony, under 8 U.S.C. 1227(a)(2)(A)(iii), but also because he had committed a controlled-substances offense under § 1227(a)(2)(B)(i) (controlled substance offense other than one involving possession of less than 30 grams of marijuana for personal use). (DE 1 ¶ 17.) Mandatory detention under § 1226(c) applies to persons who are deportable under *either* of those provisions (among others). *See* 8 U.S.C. § 1226(c)(1)(B). Petitioner has not raised any argument that his guilty plea to distributing, dispensing, or possessing heroin in a school zone was not a controlled-substances offense under § 1227(a)(2)(B). That, standing alone, is sufficient to justify mandatory detention under § 1226(c), irrespective of whether his crime may also be considered an aggravated felony.

I move on to petitioner's stronger argument that his detention has been unduly prolonged. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held the mandatory-detention provision of § 1226(c) to be constitutional on its face. It did so, however, on the assumption that most resulting detentions would be relatively brief. *Id.* at 517–31 ("In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.") In *Diop*, the Third Circuit applied the canon of constitutional avoidance and held that § 1226(c) "authorizes only mandatory detention that is reasonable in length." *Diop*, 656 F.3d at 231–35. Thus, it found that the statute contains an implicit requirement that detained persons, at some point, receive bond hearings to warrant ongoing detention. The point at which a bond hearing would be required, however, would depend on all the facts of the case. In *Chavez-Alvarez* the Third Circuit confirmed that there is no set point at which detention under § 1226(c) crosses the

permissible line, but announced a rule of thumb that detention would become constitutionally suspect at some point between 6 and 12 months.[4] *See Chavez-Alvarez*, 783 F.3d at 473–78.

In *Jennings*, however, the Supreme Court abrogated the direct holdings of *Diop* and *Chavez-Alvarez*, as a matter of statutory interpretation. Specifically, the *Jennings* Court held that § 1226(c) does not require bond hearings to justify ongoing detention and that the canon of constitutional avoidance may not be employed to read such a requirement into the statute. *Id.* at 842, 846–47. The government acknowledges, however, that the *Jennings* Court did not directly analyze the constitutionality of particular detentions under § 1226(c).

Putting these holdings together, I agree with the analysis of Judge Wigenton that one challenge to a § 1226(c) detention still remains available: "an individualized as applied constitutional challenge to the statute." *Dryden v. Green*, 321 F. Supp. 3d 496, 501–02 (D.N.J. 2018) (citing *Jennings*, 138 S. Ct. at 851–52). To put it another way, for a petitioner in this situation, "*Jennings* leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner."[5] *Id.* at 502.

The post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*. Whether detention under § 1226(c) is constitutional continues to be "a function of the length of the detention," whereby "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as

---

[4] The *Chavez-Alvarez* Court reasoned that, at least where the government fails to show bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [suggested by *Demore*], and certainly by the time [the petitioner] has been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478.

[5] I have abbreviated the reasoning of Judge Wigenton's opinion, with which I agree. In dictum, while discussing a detention under a different section, § 1226(a), the Third Circuit recently noted that "*Jennings* did not call into question the *constitutional* holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (emphasis added); *see also Dryden*, 321 F. Supp. 3d at 502.

7

detention continues." *Diop*, 656 F.3d at 232, 234; *see also Chavez-Alvarez*, 783 F.3d at 474–75. Thus, at some point, detention under § 1226(c), in an individual case, may become "so unreasonable as to amount to an arbitrary deprivation of liberty" in violation of the Due Process Clause. *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

No particular number of months marks the border between constitutional and unconstitutional detention, but some guidelines can be gleaned from the case law. Judges in this district have previously found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention. *See, e.g., Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months).

Here, petitioner has been detained under § 1226(c) for over 22 months (or so I am entitled to assume).[6] The government points to adjournments that were granted at petitioner's request and to petitioner's appeal of the order of removal, but there is no allegation or indication that petitioner sought these adjournments or pursued his appeals in bad faith or for the purposes of delay. I am wary, moreover, of making any ruling that would "effectively punish [the petitioner] for pursuing applicable legal remedies." *Leslie*, 678 F.3d at 270–71 (internal quotation marks omitted).

---

[6] The government has been ordered to notify the Court of any change in petitioner's detention status (e.g., release, removal, or transition to detention under another statutory provision), (DE 2), but has not filed any such notification. I therefore proceed under the assumption that petitioner remains in detention under § 1226(c).

For the petitioner's continued detention, the government cites the following justifications: "in order to assure his attendance at removal proceedings, to protect the community against any more crimes committed by him, and, if necessary, to assure his removal from the United States." (DE 4 at 20.) These justifications, however, have avoided scrutiny for a period well in excess of the presumptive 12 months. The entire point of this petition is that petitioner has been detained under § 1226(c) for a prolonged period of over 22 months *without* any individualized determination as to whether he in fact poses a flight risk or any danger to the community.

Given these circumstances and the length of petitioner's detention, I conclude that continuing the detention without at least a bond hearing would exceed the bounds of due process under the Fifth Amendment; it would constitute an unconstitutional application of § 1226(c) in the circumstances of this particular case. Accordingly, I will order the government to provide petitioner with a bond hearing within 21 days.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition (DE 1) will be granted insofar as I will order that petitioner receive a bond hearing within 21 days. An appropriate order follows.

DATED: April 22, 2019

KEVIN MCNULTY
United States District Judge